EUGENIA ROCHE, Respondent, *v.* JAMES M. MARVIN et al., Appellants.

Plaintiff's complaint alleged, in substance, that defendants, as trustees, held the legal title to certain hotel property situate in the county of Saratoga, and as such issued to plaintiff a certificate showing him to be entitled to an interest therein and in the rents and profits; that as such trustees defendants had declared a dividend on said certificate, which he claimed to recover. The answer averred payment of the dividend. The venue was laid in the county of New York; on motion to change the place of trial to Saratoga county, *held,* that the action was not to determine or affect any interest in land within the meaning of the provision of the Code of Civil Procedure (§ 982), requiring such action to be tried in the county where the subject of the action or some part thereof is situated; but that the action was in the nature of one for moneys had and received, and so was triable in New York.

(Argued May 1, 1883; decided May 8, 1883.)

APPEAL from an order of the General Term of the Supreme Court, in the first judicial department, made January 9, 1883, which affirmed an order of Special Term, denying a motion to change the place of trial of this action from the county of New York, where the venue was laid, to the county of Saratoga.

The complaint herein alleged in substance, that in the year 1875 the defendants were appointed trustees of the United States Hotel of Saratoga Springs, in the county of Saratoga, and that they thereafter delivered to the plaintiff a certificate stating that she was entitled to a beneficial interest in said hotel, its furniture and appurtenances, the legal title of which was then held in trust by James M. Marvin and John Tayler Hall, to a specified amount, and was entitled to share in the

net rents and profits thereof, or a proportionate share of the net proceeds of a sale thereof ; that a dividend of eight per cent had been .declared on said certificate, for which amount the plaintiff demanded judgment besides costs. The answer alleged payment.

*Charles C. Lester* for appellants. The language of section 982 of the Code of Civil Procedure includes actions of an equitable nature as well as actions at law. (*Fliess* v. *Buckley*, 22 Hun, 551 ; *Bush* v. *Treadwell*, 11 Abb. [N. S.] 27.) The certificate attached to the complaint is in no sense an obligation. It contains no covenant, promise or agreement of any kind. (2 Blackstone's Comm. 340.) It is a declaration of trust. (Hill. on Trustees, 64 ; Tiffany & Bullard, 354.)

*G. F. Beakley* for respondent. A dividend is a severance from the common fund of the company of so much for the use and benefit of each corporator in his individual right, which may be demanded by him, and if refused, become the subject of an action for money had and received to his use. (*Keppell* v. *Petersburgh R. R. Co.*, Chase's Dec. 167 ; *Stoddard* v. *Shetucket F. Co.*, 34 Conn. 542 ; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90 ; *Jones* v. *T. H. & R. R. R. Co.*, 57 N. Y. 196 ; *Carpenter* v. *N. Y. & N. H. R. R. Co.*, 5 Abb. Pr. 277.)

MILLER, J. The only question arising upon this appeal is whether the action was a local one, and being such, the place of trial should have been in the county of Saratoga. The appellants.claim that the plaintiff in this action seeks to establish an equitable interest in real estate in the county of Saratoga, the legal title of which is vested in the defendants, which entitles her to a share of the rents and profits of said real estate, and that the action is within the letter and spirit of section 982 of the Code of Civil Procedure, which provides, among other things, that an action must be tried in the county in which the subject of the action, or some part thereof, is situated, and where the action is "to procure a judgment establishing,

determining, defining, forfeiting, annulling, or otherwise affecting an estate, right, title, lien or other interest in real property or chattel real."

We think that this position cannot be maintained. This action is brought on a certificate signed by the defendants, which certifies that the plaintiff is entitled to an interest in certain property known as the United States Hotel at Saratoga Springs, the legal title to which is held in trust by the defendants, and in the net rents and profits thereof, and the plaintiff claims to recover the dividend declared by the defendants as such trustees on said certificate and payable to the plaintiff. The answer of the defendants sets up payment as a defense, thus admitting the validity of the certificate set forth in the complaint. The complaint alleges that a certain portion of the profits received had been set apart and appropriated from the entire fund in the hands of the trustees for the use and benefit of the plaintiff. The action being brought to recover the sum which the plaintiff claims, does not relate to real estate, nor is it commenced to enforce any lien against real estate, but to recover a dividend declared on the certificate set forth in the complaint. It appearing from the pleadings that such demand is due from the defendants to the plaintiff, an action lies in the nature of assumpsit to recover the dividend as a demand due from the defendants to the plaintiff as the holder of such certificate. The certificate is an obligation on the part of the defendants to pay in a certain contingency, which has occurred, and by means thereof the defendants became liable for the amount claimed. It is in the nature of an agreement or a promise which bound the defendants. The action is for moneys received by the defendants which they were bound to apply upon the certificate. It was a contract on their part, and upon the trial of the action no equitable right would be involved. The right of the plaintiff under the certificate was admitted by the pleadings, and the burden of proof would be upon the defendants to show that the demand had been paid. On the part of the plaintiff she

had nothing to prove, and her case was established as the pleadings stood.

Under these circumstances there is no foundation for the claim that the action is of an equitable character which affects real estate and comes within the provisions of the Code to which reference has been had.

The order should be affirmed.

All concur.

Order affirmed.