DAVID D. ACKER et al., Respondents, *v.* CHARLES E. LELAND et al., Appellants.

An action brought to set aside an assignment for the benefit of creditors, on the ground that it was made to hinder, delay and defraud the assignor's creditors, where the assigned property consists in part of real estate, situate in this State, is within the meaning of the Code of Civil Procedure (§ 982), a local action, as it is an action to annul a title and to affect an estate in real property.

Such an action, therefore, must be tried in the county where the real estate or some portion thereof is situated.

The absence of any averments in the complaint in such an action disclosing that the assignment embraces real property is no answer to a motion on the part of defendant to change the place of trial. The plaintiff cannot, by such an omission, preclude defendant from availing himself of his right to have the trial in the proper county ; and the facts may be shown by affidavits.

Nor is it an answer to the motion that the assignment embraces personal property within the county stated as the place of. trial in the summons ; the location of the real estate controls.

Upon such a motion the power of the court to change the place of trial for the convenience of witnesses or other cause if it exists, as to which, *quære* (Code, § 987), may not be invoked ; that power can only be exercised upon motion made after the action is put in the situation in which defendants were entitled to have it placed when it was commenced.

(Argued June 19, 1884 ; decided June 27, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made May 5, 1884, which affirmed an order of Special Term denying a motion on the part of defendants to change the place of trial in this action from the city and county of New York to the city of Albany ; which motion was made upon the ground that the action was local and triable only in the counties of Albany or Saratoga.

The nature of the action and the material facts are stated in the opinion.

*Nathaniel C. Moak* for appellants. The law looks through mere forms to the substance and effect of the entire transaction. (*Pratt* v. *Foote*, 9 N. Y. 468 ; 10 id. 601 ; *Beach* v. *Smith*, 30 id. 131–2 ; *Pattison* v. *Guardians*, 1 Hurlst. & Norm. 523, 527.) The provisions of the Code (§ 982) clearly require the trial of the present action in Albany county. ( *Wood* v. *Hollister*, 3 Abb. Pr. 14, 16, note; *Van Wyck* v. *Baker*, 11 Hun, 309 ; *Fleiss* v. *Buckley*, 22 id. 551, 554, 555 ; *Fletcher* v. *Marshall*, 59 How. Pr. 373 ; *Starks* v. *Bates*, 12 id. 465 ; *Bush* v. *Treadwell*, 11 Abb. Pr. [N. S.] 27 ; *Leland* v. *Hathorne*, 42 N. Y. 547 ; *Cragin* v. *Lovell*, 88 id. 258, 263 ; *Mayor* v.

*Coffin*, 90 id. 312; 2 Civ. Pro. R. [McCarty] 171; *Birmingham* v. *Hatfield*, 43 N. Y. 224, 225; *Gould* v. *Bennett*, 59 id. 124; *People* v. *Kingsley*, 8 Hun, 233; *Thompson* v. *Heidenrich*, 66 How. Pr. 391.) Defendant may move before issue to change the place of trial to the proper county, on the ground that the county named in the complaint is not the proper county. (*Gifford* v. *Gravesend*, 8 Abb. N. C. 246, 248; *Hubbard* v. *Nat. Pro. Ins. Co.*, 11 How. Pr. 149, 151, 152; *Sherman* v. *Gregory*, 42 id. 486-7; *Wood* v. *Hollister*, 3 Abb. Pr. 14, 15; *People* v. *Kingsley*, 8 Hun, 235; *Moore* v. *Gardner*, 5 How. Pr. 243; *Wood* v. *Hollister*, 3 Abb. Pr. 16, note; *International Life, etc.,* v. *Sweetland*, 14 id. 240; *People* v. *Tweed*, 13 Abb. [N. S.] 426.) A motion to change the place of trial on the ground that the action is local, and required by section 982 of the Code to be tried in a particular county, is a matter of absolute right. It cannot be defeated by showing the convenience of witnesses would be promoted by retaining the venue in the county improperly laid by plaintiff. (*Gifford* v. *Gravesend*, 8 Abb. N. C. 246, 248; *People* v. *Kingsley*, 11 Hun, 223, 224, 225; *Veeder* v. *Baker*, 83 N. Y. 156; *Leland* v. *Hathorn*, 42 id. 547; *Bush* v. *Treadwell*, 11 Abb. Pr. [N. S.] 27; *Parke* v. *Carkley*, 7 How. Pr. 355; *Hubbard* v. *Nat. Pro. Ins. Co.*, 11 id. 149; *International Life, etc.* v. *Sweetland*, 14 Abb. Pr. 240; *Ducke* v. *Buffalo*, 63 How. Pr. 517-18.) An order denying such right is appealable even to the Court of Appeals. (*People* v. *Kingsley*, 11 Hun, 233, 234-5; *Leland* v. *Hathorn*, 42 N. Y. 547; *Bush* v. *Treadwell*, 11 Abb. Pr. [N. S.] 27; *Yates* v. *North*, 44 N. Y. 272.)

*Stephen A. Walker* for respondents. The object of the action giving it a local character must be the sole object to authorize the claim that the action is local. (*Knickerbocker Co.* v. *Clark*, 22 Hun, 507.) While equitable actions may in some cases be deemed local under the Code (§ 982) this is not such a case. (*Fleiss* v. *Bulkley*, 22 Hun, 553; *Roche* v. *Marvin*, 92 N. Y. 399; *Thompson* v. *Heidenrich*, 66 How. Pr. 391.)

ANDREWS, J.   The motion should have been granted.   The action is brought to set aside a general assignment for the benefit of creditors, made by the defendant Leland, to his co-defendant, on the ground that it was made with intent to hinder, delay and defraud the plaintiffs and other creditors of the assignor. It appears by the affidavits and the schedules that the assignment comprised real and personal property, the principal part of which consisted of real estate situate in the counties of Albany and Saratoga.   None of the real estate assigned is situated in the county of New York.   The plaintiffs in their complaint prayed judgment that the assignment be adjudged fraudulent and void as against the plaintiffs and such other judgment creditors of the assignor as should elect to come in and become parties to the action and for the appointment of a receiver, and payment of the plaintiffs' judgment out of the proceeds of the assigned property.

The action was, therefore, local, and triable either in the county of Albany or the county of Saratoga, under section 982 of the Code.   It was an action to procure a judgment annulling a title and affecting an estate in real property.   It is not an answer to the motion that the complaint did not disclose that the assignment embraced real property.   A plaintiff cannot, by omitting to aver in his complaint the facts in respect to the character or situation of the assigned property, preclude a defendant from availing himself of the right to have the trial in the proper county.   The facts may be shown by affidavit in aid of the motion of the defendant.

Nor is it an answer to the motion in this case that the assignment embraced personal property within the county of New York.   The location of the real estate, if within this State, controls the place of trial.   No other construction is possible of the peremptory language of section 982.   The power of the court to change the place of trial, under section 987, for convenience of witnesses, or other cause, in a local action affecting real estate, is not involved.   That motion can properly be made only after the action is put in the situation in which the defendants were entitled to have

it placed when the action was commenced. (*Veeder* v. *Baker*, 83 N. Y. 156.) The suggestion that this action only affects the title to real estate, indirectly and incidentally, is not tenable. The purpose of the plaintiffs it is true, is to obtain payment of their debt, but the setting aside of the fraudulent conveyance is the first and essential step. This obstruction bars their progress, and the removal of it is the primary object of the suit. The inconvenience suggested from the construction we have given to the section is a matter with which we have have nothing to do. The language of the section is plain, and the function of the court in this case is one of interpretation merely.

The orders of the Special and General Terms should be reversed, and the motion to change the place of trial to Albany county granted, with costs of appeal in the Supreme Court and in this court, and $10 costs of motion.

All concur.

Ordered accordingly.