LAMSON CONSOLIDATED STORE SERVICE COMPANY, Respondent, *v.* JOHN W. HART, Sheriff, etc., *et al.*, Appellant.

*N. Y. Supreme Court, First Department, General Term, May* 24, 1889.

*Place of trial. Sheriff.*—A sheriff, in an action against him for an act done in the execution of process, upon compliance with section 986 of the Code, is entitled to a trial in the county whose officer he is, and cannot be deprived of such right, by joining other persons as defendants with him ; and in such case an order should be entered changing the place of trial to such county.

See note at the end of this case.

Appeal from an order denying a motion to change the place of trial.

*Chase & Delehanty*, for appellant.

*Horace H. Chittenden*, for respondent.

DANIELS, J.—The plaintiff, as the owner of office furniture, machinery, tools, wares and merchandise, brought this action to restrain their sale and disposition under an execution issued to the defendant Hart, as sheriff of the county of Albany.

It is alleged in the complaint that the sheriff, on or about the 2d of November, 1888, levied upon this property at the office and shops in the city of Albany of the defendant, the United States Store Service Company. A demand was made, within the time prescribed by the statute, for the change of the place of trial to the county of Albany. The plaintiff failed to consent to that change, and within the time mentioned in section 986 of the Code of Civil Procedure an order was made requiring the plaintiff to show cause why the place of trial should not be changed to the county of Albany. This motion was afterwards heard and denied by the court, and from the order denying it the sheriff has brought this appeal.

It is perfectly evident from the complaint and the other papers in the action, that it has been brought against the sheriff as the principal defendant for the act done by him in virtue of his office as that has been described in subdivision 2, section 983 of the Code of Civil Procedure. And that section has declared that an action of this description must be tried in the county where the cause of action or some part of it arose.

This right has been no further qualified than that the sheriff shall comply with succeeding sections of the Code, providing for the service of the demand and the making of the motion. These sections were literally complied with on his part, and that entitled him to a change of the place of trial. And he was not deprived of that right by the fact that the United States Store Service Company and its receiver were joined as defendants with him in the action. He was the essential and necessary party.

The cause of action, if any existed in equity or at law, arose out of his act in the execution of the process delivered to and used by him. And that the sheriff, though others may be sued with him as defendants, will not on that account be deprived of the right to a trial in the county whose officer he is, was held in People *v.* Kingsley (8 Hun, 233); Wintjen *v.* Verges (10 id. 576). The order should be reversed, with ten dollars costs, and the disbursements, and an order entered changing the place of trial to the county of Albany, and for costs of the motion.

VAN BRUNT, Ch. J., and BRADY J., concur.

---

NOTE ON LOCAL ACTIONS UNDER THE CODE.

The classes of actions which are local as to the place of trial are emumerated in sections 982 and 983 of the Code. These sections read as follows:

Section 982. Each of the following actions must be tried in the county, in which the subject of the action, or some part thereof, is situated: an action of ejectment; for the partition of real property; for dower; to foreclose a mortgage upon real property or upon a

chattel real; to compel the determination of a claim to real property; for waste; for a nuisance; or to procure a judgment, directing a conveyance of real property; and every other action to recover, or to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting, an estate, right, title, lien or other interest, in real property, or a chattel real. But where all the real property, to which the action relates, is situated without the State, the action must be tried, as prescribed in section 984 of this act.

Section 983. An action, for either of the following causes, must be tried in the county, where the cause of action, or some part thereof, arose:

1. To recover a penalty or forfeiture, imposed by statute, except that where the offense, for which it is imposed, was committed on a lake, river, or other stream of water, situated in two or more counties, the action may be tried in any county, bordering on the lake, river, or stream, and opposite to the place where the offense was committed. But in an action, where the people of the state are a party, to recover a penalty for trespass upon the lands of the forest preserve, the action may be tried in a county adjoining the county where the cause of action arose.

2. Against a public officer, or a person specially appointed to execute his duties, for an act done, in virtue of his office, or for an omission to perform a duty, incident to his office; or against a person, who, by the command or in the aid of a public officer, has done anything touching his duties.

3. To recover a chattel distrained, or damages for distraining a chattel.

It has been decided that it must be determined by the complaint whether the action is within section 982 of the Code. Kearr *v.* Bartlett, 47 Hun, 245; Knickerbocker Life Ins. Co *v.* Clark, 22 Id. 506; and that the question cannot be affected by affidavits. And undoubtedly the same ruling would be made in respect to defining the cases which come within the provision of section 983.

The right of the defendant, in a local action, to have the place of trial changed to the proper county, where the venue is laid in another, is an absolute one, and his motion to secure that right cannot be defeated by showing that the convenience of witnesses and the ends of justice will be promoted by retaining the place of trial in the county named in the summons. Veeder *v.* Baker, 83 N. Y. 156.

Where two causes of action set up in the complaint related to real property situated in Kings county, and the other causes of action affected personal property, it was held in Fletcher *v.* Marshall, 29 How. 373, that the place of trial, improperly laid in the county of New York, should be changed to Kings county.

" The subject of an action," as that phrase is used in section 982 of the Code, is that which is to be directly affected, in case the relief demanded by the plaintiff is granted; as in an action of ejectment, the land described in the complaint, or in an action for a nuisance, the object or structure mentioned or alleged to have been unlawfully constructed or erected, or the action, practice, or doings of the defendant, which are charged to be illegal and are stated in the complaint as the foundation for the relief demanded. Horne *v.* City of Buffalo, 49 Hun, 76 ; 15 N. Y. C. P. 81.

*Nuisance.*—It is provided that an action for a nuisance must be tried in the county in which the subject of the action, or some part thereof, is situated. Section 982 of Code; Horne *v.* City of Buffalo, *ante.* The provisions of this section apply to all actions brought to abate a nuisance, whether the action is legal or equitable in its character. Id.

In this case, one of the defendants was a street commissioner for the city of Buffalo, and the action was brought against him for a nuisance created by him while acting in his official capacity, and it was held that the trial should take place in Erie county if requested by him, and such right cannot be defeated by joining with him another party, who cannot also insist that the trial should take place in another county.

*Actions affecting real estate.*—An action to procure a judgment, enforcing an agreement for the exchange of real estate, must be tried in the county where the property, of which the conveyance is sought, is situated. Kearr *v.* Bartlett, *ante.* In this case an action was brought to compel the specific performance of an agreement for the exchange of lands situated in the counties of New York and Kings, and the defendant's lands which plaintiff seeks to recover in this action, are situated in Kings county. The venue was originally laid in New York county, but defendant's motion to change the place of trial to Kings county was granted. On appeal from this order, the general term held that the order was properly made, on the ground that the land which the plaintiff sought to have the defendant directed to convey was situated in that county.

The mere fact that a question of the title to real estate might have to be passed upon in a suit, does not bring the case within the terms of section 982 of the Code, requiring " actions to recover or procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property, or a chattel real, to be brought in the county in which the subject of the action, or some part thereof, is situated," and does not make it imperative that the case should be tried in the county where the land was situated. Hogg *v.* Mack, 53 Hun, 463. In this case, it

was held that this section did not apply to an action at law to recover damages for the breach of a contract, though such contract relates to real property and the breach is alleged to be due to the inability of the vendor to give to the vendeea good title.

The portion of section 982 above quoted, relates to two classes of cases only—first, actions to recover an estate, right, title, lien or other interest in real property, or a chattel real; and, secondly, actions to procure a judgment affecting such an estate, right, title, lien or other interest. Id.

The expression, "to procure a judgment," indicates that the actions, to which it refers, are only those in which the judgment which is sought is one that, by its very terms, or by reason of its form and by virtue of the express provisions therein contained, will affect the title to real property or some interest therein. Id.

In Leland *v.* Hathorn, 42 N. Y. 547, it was held that an action to restrain the erection of a bridge over a public highway, to connect buildings of the defendant standing on opposite sides of such highway, on the ground that such erection will injure plaintiff's property by cutting off the view and light and air therefrom, was local, and not transitory, and must be tried in the county where the real property is situated, under section 123 of the former Code.

In Thompson *v.* Heidenrich, 66 How. 391, the plaintiff in his character as receiver sought to recover the interest of the judgment debtor in the estate of his father, which consisted of both real and personal property situated in the county of New York, and to set aside a certain assignment executed by said judgment debtor to one of the defendants, which conveyed an interest in his father's estate, comprising both real and personal property. The venue was laid in Albany county, and a motion made to change the place of trial to New York county, and it was held that the action was local, and the place of trial must be changed to the city and county of New York, but without prejudice to a motion by plaintiff to change the venue to any other county for the convenience of witnesses. In an action in the nature of a creditor's bill to set aside an assignment for the benefit of creditors conveying real estate, on the ground that it was made to hinder, delay and defraud the assignor's creditors, it was held, in Myatt *v.* Brooks, 42 Hun, 502, on a motion by defendants to change the place of trial, that they were entitled, upon their demand, to have the venue changed to the county in which such real estate is situated, and that an offer by plaintiff to stipulate that they will not pursue the real estate or claim any interest therein, cannot defeat such application. And in Acker *v.* Leland, 96 N. Y. 383, it was held, where the action was of a similar nature, that it was a local action, within the meaning of section 982 of the Code, on the ground that it is an action to annul a

title, and to affect an estate, in real property, and that such an action must be tried in the county where the real estate or some portion thereof, is situated. The plaintiff cannot, by omitting to aver in his complaint that the assignment embraces real property, preclude the defendant from availing himself of his right to have the trial in the property county; and the omitted facts may be shown on the motion by affidavits. Id. Nor is it an answer to the motion that the assignment includes personal property within the county stated in the summons as the place of trial, for, under section 982 of the Code, the location of the real property, if within the state, controls the place of trial. Id.

An action to have a deed of land declared a mortgage and for the conveyance thereof, is local within the provisions of the Code. Bush *v.* Treadwell, 11 Abb. N. S. 27.

Surplus moneys arising upon a sale under a decree entered in an action brought to foreclose a mortgage, after the death of the mortgagor and owner of the premises, are to be regarded as realty, and an action brought by one claiming to have a lien thereon, to have the same established, and to have the moneys divided among those entitled to receive them, was held, in Fliess *v.* Buckley, 22 Hun, 551, to be triable, under section 982 of the Code, in the county in which the mortgaged premises were situated and the surplus moneys deposited.

Actions of trespass *quære clausam fregit* are local in respect to the place of trial. Freeman *v.* Thompson, 50 Hun, 340; 16 N. Y. C. P. 186. In Easton *v.* Booth, 19 W. Dig. 552, the action was brought for trespass on real property situated in the county of New York, and the venue was laid in the county of Kings, and was, on application, changed to the county of New York. On appeal from such order, the court held that an action for trespass to real estate is, under section 982 of the Code, local, and must be brought in the county where the real estate is situate. A contrary decision was made by the city court of Brooklyn in Polley *v.* Wilkisson, 5 N. Y. C. P. 135, as to the jurisdiction of that court; but the language of subdivision 3 of section 263 of the Code, gives jurisdiction specially in such actions by residence of defendant or service in the city. Freeman *v.* Thompson, *ante.*

An action for the cancellation of a satisfaction piece of a judgment and for a judicial declaration of the continued integrity and vitality of such judgment, was held in Knickerbocker Life Ins. Co. *v.* Clark, *ante,* not to have for its object the recovery of a judgment establishing, or otherwise affecting a right, lien or other interest in real property, and not to be a local action. The court stated that the statute contemplates the direct object to be attained, not the resulting incident.

An action brought to compel the owner to assign to plaintiff his

mortgage, upon the payment to him of the amount secured thereby, was held in Yates County Nat. Bk. *v.* Blake, 43 Hun, 162, not to be a local action, within the meaning of section 982 of the Code, requiring such action to be tried in the county in which the subject of the action was situated.

In Roche v. Marvin, 92 N. Y. 398, an action brought on a certificate signed by the defendants, which certified that the plaintiff was entitled to an interest in certain property known as the United States Hotel at Saratoga Springs, the legal title to which was held in trust by the defendants, and in which the answer sets up payment as a defense, was held not to relate to, nor to enforce any lien against, real estate, and not local in its nature.

In a local action affecting real estate, the power of the court to change the place of trial, under section 987 of the Code, for the convenience of witnesses, or other cause, was held in Acker *v.* Leland, 96 N. Y. 383, not to be involved, but that such motion can properly be made only after the action is put in the situation in which the defendants were entitled to have it placed, when the action was commenced. See Veeder *v.* Baker, *ante*. In this action, it was held that the proper practice in such case is to order the change on the defendant's motion, and then if plaintiff desires a change on the grounds upon which such change is authorized by section 987 of the Code, he must make his motion.

*Penalty or Forfeiture.*—In an action in the nature of a *quo warranto* under section 1948 of the Code, the attorney general is at liberty to designate any county as the place of trial. People *v.* Platt, 46 Hun, 394. But an action to recover a penalty or forfeiture imposed by statute, on or against a public officer for an act done in virtue of his office, or for an omission to perform a duty incident to his office, must be tried in the county where the cause of action, or some part thereof, arose. Id.

An action brought under the fish and game laws of the state (chap. 194 Laws of 1886), for the recovery of penalties for killing and having in possession wild deer or venison, where the offense was committed, and the defendant resides, in Herkimer county, was held to be properly changed for trial to Herkimer county. People *v.* Wells, 47 Hun, 632; People *v.* Flansburgh, Id. The cases of Leonard *v.* Enrich, 40 Id., 460; and People *v.* McDonald, 44 Id., 592, arose before the passage of the act of 1886, and the act under which they were instituted expressly provided that actions for penalties may be brought in the county in which the penalty was incurred, or in an adjoining county.

An action brought by a creditor against a director of a corporation, to recover a debt due from the corporation upon the ground that such director had made, and caused to be recorded in Queens county, a

28

false certificate that the capital stock had been paid in, was held in Tayler *v.* Attrell, 31 Hun, 132, to be local, and triable in the county in which the certificate is recorded.

In Veeder *v.* Baker, *ante*, an action, under the manufacturing act of 1848, against an officer of a corporation organized under it, to recover a debt of the corporation, on the ground that such officer has signed a false report, was considered a penal action, and triable in the county where said report was made and filed, and the venue should be laid in that county, though the debt against the corporation may have originated elsewhere.

An action to recover a penalty of an ·agent of a foreign insurance company, who effects or procures an insurance against fire, within the limits of a city or incorporated village, without having first given a bond to the treasurer of the fire department of the municipality, conditioned for the payment to such treasurer of a percentage on premiums received in accordance with the statute, was held, in Ithaca Fire Department *v.* Beecher, 99 N. Y. 429, to be local and triable in the county wherein the city or village is located.

In an action, where the people of the state are a party, to recover a penalty for trespass upon the lands of the forest preserves, the action may be tried in a county adjoining the county where the action arose.

Amendment of 1890 to section 983 of the Code, to take effect September 1, 1890.

*Public Officers.*—An action against a public officer for acts done *virtute officii*, must be brought, so far as he is concerned, in the county where the cause of action, or some part thereof, arose. It was so held in People *v.* Kingsley, 8 Hun, 233, which was a decision under section 124 of the former Code. The defendant cannot be deprived of his statutory right by joining other parties as defendants. Id. Nor is it any answer to an application to change the place of trial to the proper county, that the plaintiff cannot have a fair trial in that county. Id. In this case, the court held that the action must be first placed in the proper county, and then the usual incidents of an action may occur; that then a motion may be made, after issue joined, to change the place of trial, on the ground of the impossibility of obtaining an impartial trial in the county where the statute prescribes its venue.

A sheriff has a right to change the place of trial, in an action against him for an act done by him in virtue of his office, to the county where the cause of action or some part thereof, arose, and cannot be deprived of this statutory right by joining other defendants with him. Wintjen *v.* Verges, 10 Hun, 576. In this case, the plaintiffs purchased a quantity of sugar, the price of which, while in their hands, was attached by the sheriff of New York county, under an attachment issued in an

action against the vendors. Subsequently, a third party brought an action against the plaintiffs, to recover the price of the sugar, claiming that he was the owner thereof, and that the vendors were merely his agents to sell the same. This action was then brought by the plaintiffs, in the county of Kings, against the sheriff, the attaching creditors and the alleged owner, praying that they might be compelled to determine their conflicting claims to the sugar between themselves, and upon the application of the sheriff, it was held that he was entitled, under section 124 of the former Code, to have the place of trial changed to New York.

An action against a sheriff for the escape of a prisoner held under an execution against his person, is a local action. Roach *v.* Odell, 18 W. Dig. 204. In this case, it was held that the sheriff is entitled to the protection of section 983 of the Code, requiring the action to be prosecuted in his county, subject to the power of the court to change the place of trial for the convenience of witnesses.

An action against a sheriff, to restrain him from selling plaintiff's property under an execution against another person, was directed in Lamson Consolidated Store Service Co. *v.* Hart, reported above, to be tried in the county wherein the levy was made, though the execution defendant resided in another county, and was joined with the sheriff as a defendant. In the same case at special term, it was held that section 983 of the Code applied to actions in which the officer was the sole defendant but that where he is joined with a defendant residing in another county, the latter had the right, under section 984 of the Code, to have the case remain and be tried in the county where he resided at the commencement of the action. Lamson Consolidated Store Service Co. *v.* Hart, 20 Abb. N. C. 355. But the general term on appeal, reversed the case and held as above stated.

The warden of the city prison, in the city of New York, was held in Cowen *v.* Quinn, 13 Hun, 344, to be a public officer within the meaning of section 983 of the Code, and that an action brought against him to recover damages for an act done by him in virtue of his office must be tried in the county of New York.

Plaintiff, in Clute *v.* Robinson, 21 W. Dig. 120, brought an action against the defendants as commissioners of highways of a town in the county of Schenectady, to recover for legal services rendered to their predecessors in office, for which the defendants as such commissioners had refused to pay him, and had neglected to raise money as was alleged to be their duty, and it was held that, under section 983, subd. 2, of the Code, Schenectady was the proper county for the trial of the action.