[Civ. No. 1142.    Third Appellate District.—July 29, 1913.]

THOMAS ROACH, Jr., Respondent, v. MARTIN WHALEN et al., Appellants.

VENUE—SUIT TO VACATE JUDGMENT DETERMINING HEIRSHIP.—Where a judgment establishing heirship has been entered in the matter of the estate of a decedent, but the estate, consisting of land and money, has not yet been distributed, the venue of a suit to vacate the judgment, on the ground of fraud, and to establish the right of the plaintiff as heir, is, under section 392 of the Code of Civil Procedure, in the county where the land is situated, rather than in the county of the defendants' residence.

APPEAL from an order of the Superior Court of San Joaquin County denying motion for change of venue. G. W. Nicol, Judge presiding.

The facts are stated in the opinion of the court.

W. R. Jacobs, for Appellants.

Max Grimm, for Respondent.

CHIPMAN, P. J.—This is an appeal from the order deny-
ing the motion of defendants, Flack and Jacobs, to change the
place of trial from San Joaquin County, where the action was
commenced, to the county of Los Angeles. The ground of the
motion was that all the defendants, other than defendants
Flack and Jacobs, at the commencement of the action were
nonresidents of this state and that defendants Flack and
Jacobs were residents of the county of Los Angeles, this state.

It appears from the complaint, that one George Roach died
testate, in 1872, in the county of San Joaquin, and was then
a resident of said county, "and left an estate therein consist-
ing of real and personal property of the then probable value
of $15,500"; that, by the will of deceased, his widow, Mar-
garet, was given a life estate in said property, and at her death
it was to go to his brothers and sisters and their descendants,
according to the law of distribution of this state; that, in
September, 1872, said will was duly admitted to probate, by
order of the probate court of San Joaquin County; that plain-
tiff is a nephew of the deceased, whose father, Thomas Roach,
was a brother of deceased, and is entitled to share in the dis-
tribution of the estate of said deceased to the extent of one-
twelfth thereof; that, in October, 1904, "said defendants,
through their attorneys, Jacobs & Flack, filed a verified peti-
tion" in the superior court of said county to have said court
"ascertain and declare the rights of all persons to said estate
and all interests therein, and to whom distribution thereof
should be made, and who the heirs at law of said deceased
were"; that, in January, 1905, said defendants filed a verified
complaint in said court, "setting forth therein alleged facts
constituting their claim of heirship, ownership and interest in
said estate"; that in said petition it was falsely, fraudulently,
and knowingly alleged that the only nephews and nieces of
deceased then living were the persons named therein, but did
not include this plaintiff, and that, "at the time when they
made, verified and filed said complaint," they "well knew that
this plaintiff was alive and in existence and could readily be
found by themselves if they had desired that said Thomas
Roach, Jr., should be found"; that the matter came on before
the court and "was finally terminated on the 15th day of
February, 1908"; that, at the time of the filing of said com-

plaint and its amendment, and of the trial of said matter, plaintiff was a resident of Christchurch, New Zealand, and had no notice whatever of said proceedings; that said defendants, "for the purpose of cheating and defrauding the said plaintiff, testified by means of depositions, . . . that this plaintiff . . . was not in existence, and had not been heard of for many years before the date of said trial, when in truth and in fact" the parties to said action and testifying therein, "well knew that this plaintiff was then in existence and . . . 'was a nephew of George Roach, deceased, and, as such nephew, was entitled to share in the distribution of the estate of George Roach, deceased' "; that the judge of said court, hearing said matter, was deceived and misled by said false and fraudulent misrepresentations and made findings as to who were the only heirs at law of said deceased, including said defendants, and that they were his sole heirs, and that they "were entitled to take and have distributed to them . . . an undivided one-sixteenth of all the real property of said estate, situated in the county of San Joaquin, state of California, and described as follows: The southwest quarter of section 23 and the east half of the southeast quarter of section 22, all in T. 3 N., R. 6 E., M. D. B. & M., and also that certain piece and parcel of land situated in the city of Stockton . . . described as lot 8 in block 7 east of Center Street . . . and a like proportion of all moneys belonging to said estate, which, including the accrued interest thereon, now amounts to about the sum of $7,381"; that, prior to the commencement of this action, said defendants, other than Jacobs and Flack, assigned their respective interests in said estate to said defendant Flack who assigned an undivided interest in one-half thereof to defendant Jacobs. The complaint then sets forth the further history of the matter, involving an appeal to the supreme court and a reversal of the judgment of the trial court as to the share of the estate to which certain heirs were entitled; the setting down of the case for a new trial, after the trial court had come to the knowledge of this plaintiff's existence; the movement by the heirs for a writ of mandate and the issuing of the writ by the supreme court directing judgment to be entered in accordance with the original findings of fact as disclosed at the hearing, thus making final disposition of the

matter in a way to deprive plaintiff herein of all interest in said estate. This last or final judgment was made and entered January 9, 1913, by said superior court and decreed that the persons found to be the heirs at law of said deceased at the original hearing, and upon what is now alleged to have been willfully false and fraudulent testimony, were the sole and only heirs at law of the deceased.

The prayer is that said judgment determining "the heirship in the matter of the estate of George Roach, deceased, be vacated, annulled and set aside and for such other and further relief agreeable to equity."

The foregoing sufficiently explains the nature of the action. It does not appear that the life estate has terminated. Nor does the relative value of the real and personal property appear. It is shown that at the death of deceased his property, real and personal, was then of the value of fifteen thousand five hundred dollars, and that the real property remains and the personal property on hand is money, which, with the accumulation of interest, amounts to $7,381. How much of this is also made up of rents, issues, and profits of the land does not appear, nor does the present value of the land appear, although it must have enhanced in value. Simply stated, the decree of the court sought to be set aside, declared that certain persons are the sole heirs at law of George Roach and entitled to the distribution of all his estate, real and personal, when it is ready for distribution. This decree was entered January 9, 1913, and the complaint in the present action was filed January 20, 1913.

Appellants contend that this is not a local action, but is a mixed action, and the place of trial is governed by section 395 of the Code of Civil Procedure; that "the action must be wholly local and not mixed with a personal action in order to keep the trial thereof in the county where the fund is situated." Respondent insists that the venue is governed by section 392 of said code. This latter section is as follows:

"Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated . . . :

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property."

Section 395 provides that "in all other cases the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action."

In the case of *Sloss* v. *De Toro*, 77 Cal. 129, [19 Pac. 233], plaintiff was the owner of an undivided interest in certain land situated in San Diego County which had been allotted in severalty to the estate of one Olvera, deceased. Defendant, De Toro, was appointed administrator of the estate by the superior court of Los Angeles County. He fraudulently obtained an order from that court authorizing him as administrator to sell an undivided part of said land and, pursuant thereto, sold to the defendant Forbes all the interest of the estate in said land, and the sale was approved by the court. Plaintiff commenced the action in San Diego County to have the order of sale vacated and annulled, that the sale thereunder be declared void and set aside, and that defendant be enjoined from disposing of the proceeds thereof until the further order of the court. Defendants moved to change the place of trial to Los Angeles County, which motion was denied and, on appeal, the order was affirmed. Citing sections 392 and 395, the court said: "The question then is this, Did this action require the *determination, in any form,* of a right or interest in real property? It seems to us that it did. The main purpose of the action evidently was to have an alleged fraudulent sale of land set aside, and the title vested in its former owners. This purpose could only be accomplished by showing, first, that the plaintiff had an interest in the land, and second, that the defendants had wrongfully tried to deprive him of that interest. If the action had been ejectment or to quiet title, it would not more clearly have required a determination as to the plaintiff's right or interest in the property." The only feature of the case here not found in the case cited is the fact that the estate consists in part of money and hence appellants contend that the case of *Smith* v. *Smith,* 88 Cal. 572, [26 Pac. 356], establishes the rule. In that case the court said "that the primary object of the action is to obtain from the defendant an accounting of his transactions in carrying on the sheep-raising under the agreement of July, 1876, with a personal judgment against him for the excess that upon such accounting may be found to have been received by him above the amount required to discharge the indebtedness of his grantor,

and that he reconvey the property to plaintiff.'' In the course of the opinion it was said: ''When the subject matter of the action is local, and the judgment which is sought is to operate directly upon that subject matter, it is provided that the action shall be tried in the county where the subject matter of the action is situated.'' It is true that it is further said: ''It is only where real estate alone is the subject matter of the action that the provisions of section 392 can be invoked against a defendant who resides in a county different from that in which the land is situated.'' In its literal sense the last above statement cannot, we think, be taken as an invariable rule. The subject matter of the action in the case here is land and money in the control of the court belonging to the estate of George Roach, deceased, not yet distributed. The question of heirship and right to distribution has been determined, but nothing further. The effect of plaintiff's action, should he prevail, simply establishes his right to share in this estate, real and personal, in common with the other heirs at law, and it seems to us that he has the right, under section 392, to have this question determined where the subject matter of the action is situated. No question of accounting arises or can arise in the case which was the primary question in *Smith* v. *Smith.* That there happens to be some money in the estate in addition to the land should not, we think, deprive plaintiff of the right to have the case tried in San Joaquin County where the estate is being settled.

The suggestion of appellants that the action in its essence is to have the defendants declared to be trustees of the property, is not sustained by the averments of the complaint. The property has not yet been distributed. All that has been determined is that certain persons are the only heirs at law of deceased and are entitled to distribution when made. A decree as prayed for would simply restore plaintiff to his right as an heir at law to share with other heirs on distribution.

In the case of *Acker* v. *Leland,* 96 N. Y. 383, the action was to set aside a general assignment for the benefit of creditors, on the ground that it was made to hinder, delay, and defraud creditors. The property assigned comprised both real and personal property. The court held that the action was local and, under section 982 of the code of New York, the action was triable in the county where the real estate was situated and it

was no answer to the motion that the assignment embraced personal property. "The location of the real estate," said the court, "controls the place of trial."

Our conclusion is that the order was proper and it is therefore affirmed.

Hart, J., and Burnett, J., concurred.