Boyd v. Howden.

## GEORGE W. BOYD *v.* WILLIAM D. HOWDEN.

The provisions of the Revised Statutes and Code (§ 123) which declare that actions brought for property distrained for any cause, shall be laid in the county where the distress was made, refers to the proceeding of distress as it existed at common law, by which a party might take and hold the personal property of another as a pledge or security for the payment of debt, the discharge of some duty or reparation for an injury done, with the right, in certain cases, to sell it to obtain satisfaction.

*Held*, therefore, that the taking by a mortgagee of chattels mortgaged to him, before default in the payment of the debt intended to be secured by the mortgage, although a wrongful taking, was not a *distress* within the meaning of the statute, and an action by the mortgagor for claim and delivery, under the Code of Procedure, is not local.

A District Court of the city of New York has jurisdiction of an action of claim and delivery of chattels, unlawfully taken and detained by the defendant in another county.

APPEAL by the defendant from a judgment of the Third District Court.

This was an action to recover certain personal property, which the complaint alleged the defendant had become possessed of and wrongfully detained from the plaintiff. The answer denied the alleged detention but averred that the goods were the property of the defendant, and ",that said goods were at, and before the times mentioned in the complaint, and still are, without the jurisdiction of this court," and were and still are in Richmond county. It appeared in evidence upon the trial that the plaintiff had made and delivered to the defendant a chattel mortgage on certain furniture at plaintiff's house on Staten Island; that the defendant had, under the mortgage, taken possession of and removed the furniture, whereupon the plaintiff brought this action. The evidence was conflicting in regard to whether the mortgage had not been paid, or, at least whether the defendant had not accepted other securities in its stead. Judgment was rendered for the plaintiff for the value of the property, and the defendant appealed to this court.

*Hinsdale, Patterson and Irwin*, for appellant.

*Thomas Brennan*, for respondent.

BY THE COURT.*—DALY, Chief Justice.—This action was brought to recover certain personal property of which, in the language of the complaint, the defendant became possessed and wrongfully detained from the plaintiff, or, in other words, it was in the nature of an action of replevin for the recovery of property wrongfully detained. The Justice gave judgment for the return of the property or for the value.

An appeal is brought upon the ground that, as the property at the time of the alleged wrongful detention, as well as at the commencement of the action, was in Richmond county, a Justice's Court in this city had no jurisdiction in such an action. The notice of appeal is that the justice erred in refusing to dismiss the complaint for this reason, but it does not appear by the return that any such motion was made, and unless the objection that the court has not jurisdiction is taken at the trial, it is waived, and the court, in the language of the statute, "will be deemed to have jurisdiction." (*Laws of New York*, 1857, vol. I, p. 719, § 45, subd. 3.)

But as the question, whether this was a local action which could be brought only in Richmond county, was discussed at some length upon the argument, it may be as well that we should pass upon it, as our decision upon that point will also be in affirmance of the judgment.

Originally at common law, all actions of replevin were local. (*Atkinson* v. *Holcomb*, 4 Cow. 46.)

By our present statutes, a very material change was made in this respect. The action was allowed for the wrongful taking, distraining, or detention of goods and chattels, and it might be laid and brought in like manner as actions for injuries to personal property, except where the action was brought for property *distrained* for any cause, when it had to be laid in the county where the distress was made (2 Rev. Stat. 523, §§ 1, 3), a provision substantially retained by section 123 of the Code, which enumerates as among the actions which must be tried in the county in which the subject of the action or some part thereof is situated, an action for the recovery of

---

* Present—Daly, Ch. J., Larremore and J. F. Daly, JJ.

personal property *distrained* for any cause. The distraining of personal property was the taking of it by a distress, a right which existed at common law, by which a party might take the personal property of another into his possession, and hold it as a pledge or security until he obtained satisfaction, by the payment of a debt, the discharge of some duty, or reparation for an injury done; with the right, in certain cases, to sell it to obtain satisfaction, of which the impounding of cattle for *damage feasant*, or the taking by the landlord the goods and chattels of the tenant upon the premises, for the non-payment of rent, are familiar examples.

This was called *distraining*, the person exercising it the *distrainor*, and the act itself, a *distress*. It was distinguishable from the taking of property by execution to satisfy a judgment, as it was from the taking of a personal chattel, without legal process, from the possession of a wrong-doer into hands of the party injured, and it was limited to certain kinds of personal property, and could be exercised only in certain cases and in a certain manner. (Bradley on Distresses, by Adams, 1, e II, VI, XI, XII.) It was a peculiar mode of proceeding as ancient as the common law itself, which had been modified by statutes and judicial decisions: which in the more primitive stages of the English law was somewhat extensive, but which, being an extraordinary right and attended by many abuses, was in course of time considerably restricted, with the view of taking away the remedy from individuals and vesting it in judicial officers. (2 Reeves' History of Common Law, by Finlason, pp. 27, 31.)

When, therefore, the Revised Statutes declare that actions brought for property distrained for any cause, shall be laid in the county where the *distress* was made, it is this proceeding that is referred to, and there is nothing indicated in the provisions of the Code which would warrant us in saying that anything different or more extensive was meant.

The taking proved in this case was under a chattel mortgage, which provides that in case default should be made in the payment of the money intended to be secured, the mortgagee, the defendant, might enter the dwelling-house of the plaintiff,

and take and carry away the property mortgaged, and sell it for the best price that he could obtain, which he did.

This was not distraining the property, as that word is understood in the law. If the mortgage had been paid as the plaintiff insisted, it was a wrongful taking, but in no sense a distress. The property was afterwards demanded, and the defendant refused to give it up, which was the wrongful detention for which the action was brought. That action was not local. It was not so under the Revised Statutes, and it is not so under the Code.

The defendant being in this county, and the process being served upon him here, the action might be brought in a district court.

The main question in the case, whether the debt to secure the payment of which the mortgage was made, was discharged by the defendant in consideration of receiving certain commercial paper of other parties, which the plaintiff gave him, was one upon which the testimony was conflicting, and in respect to which the finding of the justice is conclusive.

The judgment should be affirmed.

Judgment affirmed.