ALEXANDER LUBAN, Respondent, *v.* LOUIS B. SIMONDS, Appellant.

*Municipal Court of New York city, borough of Brooklyn — jurisdiction of, over a person served and over chattels replevied in another county.*

The Municipal Court of the city of New York, borough of Brooklyn, third district, has jurisdiction over the person of a defendant upon whom the process of the court has been served in the county of New York. It has jurisdiction of the subject-matter of an action for the recovery of chattels, although, when replevied, they were not in the county of Kings.

APPEAL by the defendant, Louis B. Simonds, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, third district, in favor of the plaintiff, entered in the office of the clerk of said court on the 8th day of August, 1899, awarding possession of certain chattels to the plaintiff, and in default thereof for the value of said property.

*Mayer C. Goldman,* for the appellant.

*Morris Hillquit,* for the respondent.

GOODRICH, P. J.:

The action is for the recovery of chattels. The pleadings were oral, the answer being a "general denial and want of jurisdiction." The defendant appeared by attorney and the action was tried by the judge without a jury. Judgment was rendered for the plaintiff, "for the recovery and possession of the property claimed, and in default thereof plaintiff to have judgment for the value of said property, which is found to be $75.00," with costs.

The marshal returns that he served a copy of the "summons, affidavit, undertaking, in the city of New York, on the within named defendant, in person, at No. 54–56 Bleecker street, and at the same time taking the property therein mentioned in my inventory into my possession."

The defendant contends that the court had no jurisdiction over the person of the defendant, for the reason that the process was served in New York county. This does not appear absolutely by the return, which says the service was in the city of New York; but, assuming for the purpose of this appeal, that this means that

the service was made in what was formerly called the city of New York, we have held at the November term (*Kantro* v. *Armstrong*, 44 App. Div. 506) that the Municipal Court of the city of New York has jurisdiction of an action brought against a defendant residing in the city of New York, but in a county other than that of the plaintiff, the process being served in the county of the defendant. This question of the jurisdiction of the court over the person of the defendant has also been decided adversely to the defendant's contention in *Dodge Manufacturing Co.* v. *Nassau Show Case Co.* (44 App. Div. 603).

The defendant raises the other question, that the court had no jurisdiction of the subject-matter of the action, because it was not proved that the chattels, when replevied, were in the county of Kings.

In *Matter of Schultes* (33 App. Div. 524) we held that the Municipal Court of the city of New York possessed all the jurisdiction of the former District Courts of the city of New York and of the Justices' Courts of the city of Brooklyn. Section 1331 of the Consolidation Act (Chap. 410, Laws of 1882) conferred upon the District Courts of the city of New York jurisdiction in an action to recover a chattel; and even before that act, in *Boyd* v. *Howden* (3 Daly, 455), it was held that such courts had jurisdiction of an action of claim and delivery of chattels unlawfully taken and detained by the defendant in another county. So, also, by section 2862 of the Code of Civil Procedure, justices of the peace had jurisdiction of such an action, where the value did not exceed $200. Under our former decision, supplemented by the authorities cited, it follows that the Municipal Court had jurisdiction of the subject-matter of the case at bar as well as of the person of the defendant.

There was some conflict of evidence as to the value of the chattels, but we cannot disturb the judgment of the Municipal Court in that respect.

The judgment should be affirmed, with costs.

All concurred.

Judgment of the Municipal Court affirmed, with costs.