### MILLS & GIBB v. STARIN et al.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. VENUE—ACTION FOR BREACH OF CONTRACT.
　　Under Code Civ. Proc. §§ 982–984, prescribing the place of trial of specified actions relating to real estate, etc., and providing that other actions must be tried in the county in which one of the parties reside at the commencement thereof, an action by a foreign corporation against copartners for breach of contract to sell goods must be brought in the county in

which one of the defendants resides without reference to his business interests, official position, and temporary sojourn in another county as a member of the rapid transit commission in the city of New York.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 35.]

2. SAME—CHANGE OF VENUE—GROUNDS.

On a motion by defendant for a change as a matter of right of the place of trial to the county of his residence, the court has no authority to consider at the instance of plaintiff the convenience of witnesses.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Witnesses, § 68.]

3. SAME.

Where the court has changed the place of trial of an action for breach of contract to the county of the residence of defendant, plaintiff may apply for a change to another county on the ground of the convenience of witnesses.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 144.]

Appeal from Special Term, New York County.

Action by Mills & Gibb against John H. Starin and another. From an order denying a motion to change the place of trial from the county of New York to the county of Montgomery, on the ground that the latter county is the proper county for the trial of the issues, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

George M. Albot, for appellants.

Eugene Lamb Richards, Jr. (Rutherford B. Meyer, on the brief), for respondent.

LAUGHLIN, J. The action is brought to recover damages for breaches of contracts to sell and deliver goods, wares, and merchandise. The defendants in their answer admit the incorporation of the plaintiff, and that the defendants are copartners, but deny the other material allegations of the complaint, and allege that the contracts were made without their authority. The plaintiff is a foreign corporation, organized under the laws of the state of New Jersey. The defendants both reside in the county of Montgomery, and resided there at the time the action was commenced. The place of trial designated in the summons is the county of New York. Before serving their answer, the defendants duly demanded that the place of trial be changed to the proper county, namely, to the county of Montgomery. The plaintiff, in opposition to the motion, presented an affidavit showing that its sole place of business in the state of New York is in the county of New York; that the contracts upon which the action was based were made and were to be performed in the county of New York; that the defendant Starin has an office for the transaction of business and transacts business in the county of New York, and is a member of the rapid transit commission of the city of New York, and spends "practically all of his time in the county of New York." The affidavit also tends to show that the convenience of witnesses requires that the issues be tried in the county of New York, and sets forth the names of the witnesses whom the plaintiff proposes to call, and facts tending to show that they can give material testimony in its behalf. The defendants did not present any affidavit in answer

to that presented by the plaintiff tending to show that the convenience of witnesses requires that the trial of the issues be had in the county of New York. It does not appear that the affidavit presented by the plaintiff was served upon the defendants, or that the plaintiff made a countermotion to have the trial of the issues retained in the county of New York; nor does it appear that the defendants were afforded an opportunity to meet the plaintiff's affidavit, or that they have in any manner waived their right to have the motion to change the place of trial from the proper county to the county of New York for the convenience of witnesses heard in the county of Montgomery.

The plaintiff, being a foreign corporation and the action being one not specified in sections 982 or 983 of the Code of Civil Procedure, the proper place of trial is a county in which one of the defendants reside. Code Civ. Proc. § 984; Shepard & Morse Lumber Co. v. Burleigh, 27 App. Div. 99, 50 N. Y. Supp. 135. The permanent residence of the defendant Starin, in the county of Montgomery, is not affected by his business interests, official position, and temporary sojourn in the city of New York. People v. Platt, 117 N. Y. 166, 22 N. E. 937; Washington v. Thomas, 103 App. Div. 423, 92 N. Y. Supp. 994; section 1, c. 4, p. 3, Laws 1891, as amended by section 1, c. 472, p. 1103, Laws 1906. The defendants were therefore entitled, as matter of right, to have the place of trial changed to the county of Montgomery, and on the motion for an order to that effect the court was without authority to consider, at the instance of the plaintiff, the convenience of witnesses. Sylvester v. Lewis, 55 App. Div. 470, 67 N. Y. Supp. 176; Harmon v. Van Ness, 56 App. Div. 160, 67 N. Y. Supp. 561; North Shore Industrial Co. v. Randall, 108 App. Div. 232, 95 N. Y. Supp. 758; Acker v. Leland, 96 N. Y. 383; Veeder v. Baker, 83 N. Y. 156. The county of Montgomery being the proper place for the trial of the issues, the action should have been brought in that county, and, not having been so brought, should now be changed to that county. If the plaintiff had brought the action in the proper county, it would have been at liberty thereafter to have moved to change the place of trial to the county of New York for the convenience of witnesses, and after the place of trial is changed to the county of Montgomery the plaintiff will still be at liberty to move for that relief, and the defendants will then have an opportunity of meeting the motion in the judicial district in which the action should have been brought. Gorman v. South Boston Iron Co., 32 Hun, 71; Herbert v. Griffith, 2 App. Div. 566, 37 N. Y. Supp. 1098; Phillips v. Tietjen, 108 App. Div. 11, 95 N. Y. Supp. 469; Acker v. Leland, supra; Veeder v. Baker, supra.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.