DAVID C. ADIE, Plaintiff, v. WILLIAM KNABE & CO. MANUFACTUR-
ING COMPANY, Defendant.

Supreme Court, Erie County, January 30, 1925.

**Trial — action by conditional vendee, foreign corporation, to recover payments on ground that vendor retook and resold goods without compliance with Personal Property Law, §§ 65 and 66 — motion to change place of trial for convenience of witnesses denied — action is not for damages for distraining chattel within meaning of Civil Practice Act, § 184, subd. 3 — action triable in county where plaintiff resides — motion to change place of trial on ground that action is not brought in proper county denied.**

In an action by a conditional vendee, a foreign corporation, to recover payments made on the ground that the vendor retook and resold the goods without complying with sections 65 and 66 of the Personal Property Law, a motion to change the place of trial from Erie county to New York county on the ground of the convenience of witnesses will be denied, where it appears that all the witnesses mentioned by the defendant are employed by it in one way or another, and that there seems to be no dispute as to many facts concerning which it is claimed they will testify.

The action in question is not an action to recover damages for distraining a chattel, within the meaning of subdivision 3 of section 184 of the Civil Practice Act, and, therefore, it need not be brought in the county where the cause of action arose, which in this case is New York county, but may be brought in Erie county, in which the plaintiff resided at the commencement of the action, and, therefore, the motion to change the place of trial on the further ground that New York county is the proper county for trial should be denied.

MOTION by defendant to change place of trial.

*Arthur Dutcher*, for the plaintiff.

*Wilbur B. Grandison*, for the defendant.

CROSBY, J.:

This is a motion to change the place of trial of this action from Erie county to New York county, on the ground of the convenience of witnesses, and on the further ground that New York county is the proper county for trial.

This action is brought to recover from the defendant the sum of $740 paid by the plaintiff to defendant on the purchase price of a piano purchased from the defendant under an agreement, by the terms of which plaintiff was to pay $1,850 for the piano, to be paid in installments; the title to said piano to remain in the defendant until it was fully paid for. Plaintiff claims that defendant, after plaintiff had paid thereon the sum of $740, retook the piano and resold it, without complying with the provisions of sections 65 and

66 of the Personal Property Law of the State of New York,* and he brings this action by virtue of the latter part of said section 65, which provides that in case the provisions of said section 65 are not complied with, " the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof."

The answer admits the making of the contract and the payment by the plaintiff of $740 thereon, but alleges that instead of the defendants having retaken said piano, pursuant to said sections, the plaintiff requested the defendant to take it, under an arrangement to exchange said piano for another piano, the plaintiff to get credit for the old one on the purchase price of the new one, which new one was to be selected by the plaintiff, and the answer further alleges that the plaintiff has failed to select a new one.

I find that at the time this action was commenced the plaintiff was a resident of Buffalo, N. Y., and the defendant was a corporation, organized under the laws of the State of Maryland, and having its principal place of business in the city of New York. The original contract of sale was made in New York city in November, 1920, at which time the plaintiff also lived there.

As to the question of the convenience of witnesses, I find no great difficulty in refusing to grant the defendant's motion. The defendant's moving affidavits show that Kevie Jeffe, who is one of defendant's attorneys in this action, and who resides and practices in New York city, is a material witness, and another witness mentioned is Miss Emma Kayser, who resides in the borough of Manhattan, city of New York, and who is the auditor of the defendant corporation and has custody of all the records, documents and books of the corporation. Another witness mentioned is Miss Estelle Howe, who is in charge of the storage accounts of defendant corporation and the records of its warehouse. The other witness mentioned is William A. Taylor, who is a salesman and in the employ of the defendant. Miss Kayser and Miss Howe, the affidavits state, will testify in regard to the state of the account between plaintiff and defendant, including the number of payments made and when made, and Mr. Taylor will testify as to facts connected with the making of the contract between plaintiff and defendant.

The answer admits the payment by plaintiff to defendant of the sum of $740, and there does not appear to be any very serious dispute in the pleadings in regard to the state of the account between

---

* Pers. Prop. Law, art. 4 (§§ 60–67), repealed and new art. 4 (§§ 60–80, 80a–80j), added by Laws of 1922, chap. 642.—[REP.

plaintiff and defendant in any particular. All the witnesses mentioned by the defendant are employed by the defendant in one way or another, and the courts under those circumstances have in most cases refused to change the place of trial for the convenience of witnesses. (See *Quinn* v. *Brooklyn Heights R. R. Co.*, 88 App. Div. 57; *Harris* v. *Regorson Corp.*, 170 N. Y. Supp. 866; *Sparks* v. *United Traction Co.*, 66 App. Div. 204.)

Unless other peculiar circumstances enter into the case, courts have generally looked with disfavor upon changing the place of trial where the witnesses are experts, or in the employ of the party making the request, or an attorney for such party.

The other ground of the defendant's motion presents a great deal more difficulty.

Defendant claims that this is an action to recover damages for distraining a chattel, and, therefore, under subdivision 3 of section 184 of the Civil Practice Act, should be brought in the county where the cause of action arose, which would be in New York county. Said subdivision 3 of section 184 of the Civil Practice Act provides that an action in Supreme Court must be tried in the county where the cause of action or some part thereof arose, where the action is " to recover a chattel distrained, or damages for distraining a chattel."

The question involved here is whether this is an action for damages for distraining a chattel. The corresponding provision in the first Code, that of 1848 (§ 123, subd. 4), covering the subject read, an action " for the recovery of personal property, distrained for any cause." Exactly this same language was carried along and in the Code of 1875 was set forth in section 123, subdivision 4. Some time between 1875 and 1877 (Code Civ. Proc. 1877, § 983, subd. 3) the language was changed to the form which now appears as subdivision 3 of section 184 of the Civil Practice Act, so that there has been no change in this language for nearly fifty years.

" Distraining " a chattel appears to be an old common-law remedy by which a landlord could take or distrain the goods of a tenant who did not pay his rent. Also, under the old Scotch law the term was applied to a remedy by which the sheriff could require attendants at a country fair to deposit property with him to insure the good behavior of such attendants while at the fair. Blackstone refers to this subject in book 3, chapter 1.

At the time the common law of England was adopted by this country, the remedy of distress became a part of our law. (See *Schuyler* v. *Leggett*, 2 Cow. 660; *Burr* v. *Van Buskirk*, 3 id. 263.) However, on account of the harshness of this remedy, it did not

42

meet with favor with the Legislature and courts of this State, and by the act of 1846, chapter 274, the remedy of distress for rent was abolished in this State, and later the remedy of distress for any cause became very much restricted. In the opinion in the case of *Boyd* v. *Howden* (3 Daly, 455), speaking of the statutory action for distraint, the court says: " It was a peculiar mode of proceeding as ancient as the common law itself, which had been modified by statutes and judicial decisions; which in the more primitive stages of the English law was somewhat extensive, but which, being an extraordinary right and attended by many abuses, was in course of time considerably restricted, with the view of taking away the remedy from individuals and vesting it in judicial officers. * * *. When, therefore, the Revised Statutes declare that actions brought for property distrained for any cause, shall be laid in the county where the distress was made, it is this proceeding that is referred to, and there is nothing indicated in the provisions of the Code which would warrant us in saying that anything different or more extensive was meant."

That case was decided in 1871.

At the present time there is no such remedy, technically speaking, as distress. Corpus Juris (Vol. 18, p. 1289) defines " distrain " in the following terms: " To take as a pledge property of another and keep it until he performs his obligation, or until the property is replevied by the sheriff. While the word originally meant the taking of the property of another as security for the performance of some obligation, it now undoubtedly signifies the holding of the personal property of another for any purpose whatever."

Even if there was still such a remedy, there would be no sense in mentioning an action to recover a chattel distrained or damages for distraining a chattel, because if it were a legal remedy there would be no damage for resorting to it unless done illegally or wrongfully in some way and probably no way to recover a chattel legally distrained except by paying the debt for which the chattel was held. It would be the same as saying an action to recover property attached by a sheriff, or damages for attaching property, when as a matter of fact no damages can be recovered if property is lawfully attached, or the property itself cannot be recovered unless a proper bond is given, or the debt is paid.

It is notable that the statute does not say to recover a chattel wrongfully distrained or damages for wrongfully distraining a chattel. If the word " wrongfully " was used, there might be some logic in giving the word " distrained " its true legal meaning.

Therefore, when the word " distrained " is used in said subdivision 3, if given any meaning at all, it must be taken in its everyday

common sense meaning, and denotes most any unlawful taking, keeping, or withholding of a chattel.

The action alleged in the complaint herein is not an action for damages for taking, keeping or withholding a chattel within the meaning of subdivision 3 of section 184 of the Civil Practice Act, but is rather a statutory remedy more, though not exactly, in the form of a penalty inflicted on a vendor who retakes or resells property under a conditional sale agreement without complying with the provisions of section 65 of the Personal Property Law of the State of New York. It is not really an action for damages at all. A vendee might recover under this section, even if he had not been damaged at all, simply because the vendor had failed to comply with the provisions of said section 65. A case is conceivable where the rental value of an article for the time it had been used by the vendee would be more than he had paid in on the article, and yet under the wording of section 65, if the vendor took the article back without complying with the law, the vendee could recover all that he had paid in. Since such a form of action is not specified in either section 183 or 184 of the Civil Practice Act, it would, under the provisions of section 182, be triable in the county in which one of the parties resided at the commencement of the action, and as the defendant is a foreign corporation, and I have found that the plaintiff was a resident of Erie county at the time of the commencement of the action, I find that Erie county is the proper place of trial.

Defendant's motion to change place of trial is, therefore, denied, with ten dollars costs to the plaintiff against the defendant.