PAGE BELTING COMPANY, Plaintiff, *v*. PERCY JOSEPH, Defendant.

Supreme Court, Onondaga County, February 7, 1928.

**Trial — place of trial — action to restrain removal of chattels from Onondaga county — plaintiff is foreign corporation — defendant resides in Bronx county — Civil Practice Act, § 184, subd. 3, is not applicable — Civil Practice Act, § 182, applies and proper place of trial is Bronx county — motion made under Rules of Civil Practice, rule 146, before answer, is not premature — countermotion to retain place of trial in Onondaga county on ground of convenience of witnesses cannot be considered.**

The plaintiff, a foreign corporation, brings this action in Onondaga county to restrain the defendant from removing or interfering with certain chattels situated in that county and to recover damages.

The defendant, a resident of Bronx county, is entitled as a matter of right to have the place of trial changed, under section 182 of the Civil Practice Act, to Bronx county.

This is not an action to recover a chattel distrained or damages for distraining a chattel, within the meaning of subdivision 3 of section 184 of the Civil Practice Act, and, therefore, that section, which fixes the place of trial in the county where the cause of action arose, is not applicable.

A motion to change the place of trial to the proper county under section 182 of the Civil Practice Act and rule 146 of the Rules of Civil Practice may be made before the answer is served. Defendant's motion is, therefore, not premature.

While generally a transitory action should be tried in the county where the cause of action arose and the courts will not ordinarily send an action from a rural county to a city county, plaintiff's countermotion to retain the place of trial in Onondaga county on the ground of convenience of witnesses cannot be considered until after the venue is laid in the proper county under section 182 of the Civil Practice Act.

MOTION by defendant to change place of trial from Onondaga to Bronx county on the ground that the latter is the proper county. Countermotion by plaintiff to retain trial of action in Onondaga county for the convenience of witnesses.

*Joseph B. Murphy*, for the plaintiff.

*Max Stolz*, for the defendant.

EDGCOMB, J. Defendant moves to change the place of trial of this action from Onondaga county, where the venue is laid, to Bronx county upon the theory that Bronx is the proper county in which the trial should be had.

The rule which must be applied in determining the place where the trial of a case brought in the Supreme Court must be had depends upon the nature of the action. Certain cases must be tried in the county in which one of the parties resided at the time the action was commenced; others in the county in which the cause of action,

or some part thereof, arose; and others where the subject of the action is situated.

The action at bar is brought in equity to enjoin the defendant from removing or interfering with certain chattels which the plaintiff claims to own, and to recover damages which the plaintiff asserts that it has sustained because of certain wrongful and unlawful threats and attempts to remove such property.

Plaintiff insists that it is an action " to recover a chattel distrained, or damages for distraining a chattel," and that, under the provisions of subdivision 3 of section 184 of the Civil Practice Act, the case should be tried in the county in which the cause of action arose, and as Onondaga county is such place, defendant's motion must be denied.

Just what is meant by an action " to recover a chattel distrained or damages for distraining a chattel " is not clear. Distress is the taking and holding of another's chattel in order to apply it in satisfaction of the distrainor's demand, or to hold it until satisfaction is rendered. The remedy is so ancient that its origin has never been definitely traced. (*Furbush* v. *Fisher*, 16 Phila. 170.) The remedy is one usually employed to enforce the payment of rents, taxes or other duties, and to exact compensation for damages resulting from the trespass of cattle. (1 Bouv. Law Dict. [3d rev.] 892.)

It was held in *Boyd* v. *Howden* (3 Daly, 455) that when the Legislature declared that actions brought for property distrained shall be tried in the county where the distress was made, it referred to a case where a party had taken the property of another into his possession and had held it as a pledge or security until he obtained satisfaction by the payment of a debt, the discharge of some duty, or reparation for an injury done.

Judge CROSBY held in *Adie* v. *Knabe & Co. Mfg. Co.* (124 Misc. 655) that the word " distrained," as used in section 184 of the Civil Practice Act, must be taken in its every day, common sense meaning, and that it denoted any unlawful taking, keeping or withholding of a chattel. The *Adie* case was an action brought by a conditional vendee to recover payments made to the defendant on the purchase price of a piano, the title to which was to remain in the seller until the purchase price had been fully paid, where the defendant had taken the piano back and resold it, without complying with the provisions of sections 65 and 66 of the Personal Property Law. It was held that the action was not one mentioned in subdivision 3 of section 184 of the Civil Practice Act.

I think that plaintiff's contention cannot be upheld. The nature of an action must be determined from the complaint and the demand

for judgment. The object of the action is to prevent the defendant from taking that which does not belong to it; it is not brought to recover a chattel distrained. The action seeks to lock the barn before the horse is stolen, rather than to recover the animal after it has been taken. True, damages are demanded, but they are not for an unlawful detention of property taken, but rather for unlawful efforts and attempts to do something which apparently has not been consummated. The main relief demanded is the injunction. The damages are incidental thereto.

I think that section 182 of the Civil Practice Act, which makes the residence of the parties at the date of the commencement of the action the test of where the venue should be laid, controls the place where this action should be tried.

Defendant is a resident of Bronx county. Plaintiff is a foreign corporation. Its principal place of business is located in Concord, N. H. It is, therefore, a non-resident of the State. (*Plimpton* v. *Bigelow*, 93 N. Y. 592; *Stevens* v. *Phœnix Ins. Co.*, 41 id. 149.)

The fact that the plaintiff is authorized to do business in this State, and that it maintains an office and store in the city of Syracuse where it conducts a large part of its business, does not change its residence. (*Rossie Iron Works* v. *Westbrook*, 59 Hun, 345; *Speare* v. *Troy Laundry Mchy. Co.*, 44 App. Div. 390; *Remington & Sherman Co.* v. *Niagara County Bank*, 54 id. 358.)

Plaintiff being a non-resident of the State, its place of abode cannot be taken into consideration in fixing the county in which the action must be tried. The residence of the defendant determines that question. (*Mills & Gibb* v. *Starin*, 119 App. Div. 336; *Shepard & Morse Lumber Co.* v. *Burleigh*, 27 id. 99.)

Defendant's motion must, therefore, be granted unless it is prematurely made. The answer has not been served, and the case is not at issue. A motion to change the place of trial of an action where the proper county is not designated in the summons and complaint, may, however, be made before issue is joined. Rule 146 of the Rules of Civil Practice provides that a defendant, who desires to have the trial of the action changed to the proper county, may serve upon the attorney for the plaintiff, with or before the service of the answer, a written demand for such change, and that, if the plaintiff's attorney fails to serve within five days a written consent thereto, defendant's attorney may, within ten days thereafter, serve a notice of motion for the relief demanded. The order making such change would then follow as a matter of course. There is no reason why the issues should be joined before such motion is made. The residence of the parties is the only thing to be considered. The rule above referred to seems to provide that the

motion may be made within fifteen days after the demand is served. If the demand were made immediately after the service of the summons and complaint, as it may be, and the defendant takes his full time to answer, the motion of necessity must be made before issue is joined, if it is to be availing. Defendant's motion, therefore, is not premature.

I think, therefore, that under the provisions of the statute, the venue of this action should have been laid in Bronx county, and that the trial must be moved there, unless it can be held in Onondaga county for any of the reasons specified in subdivisions 2 and 3 of section 187 of the Civil Practice Act.

Plaintiff urges that the convenience of witnesses and the ends of justice will be promoted by keeping the action in Onondaga county, and makes a countermotion for that relief. If it were proper to pass upon the merits of that motion at this time, I should be inclined to hold that the action should be tried in Onondaga county. There are two well-recognized rules governing motions of this character which support plaintiff's claim: (1) Other things being equal, a transitory action should be tried in the place where the cause of action arose; (2) actions will not be sent to an urban from a rural county. The calendars in Bronx county are overcrowded, and there will be great delay if the case is sent there. These two rules are too well settled to require the citation of authorities.

There are two reasons, however, which prevent plaintiff's motion from being heard at this time.

The case is not at issue, and until the answer has been served, a motion to change the place of trial for the convenience of witnesses cannot be made. (*Lynch* v. *Mosher*, 4 How. Pr. 86.) Until all the pleadings have been served, the court cannot determine what issues are to be tried or what witnesses will be material and necessary.

A motion to change the place of trial for the convenience of witnesses will only be considered when the venue has been laid in or changed to the proper county. Convenience of witnesses will not be considered on a motion to remove a case to the proper county. That was the inflexible rule under the old practice. (*Mills & Gibb* v. *Starin*, 119 App. Div. 336; *Sylvester* v. *Lewis*, 55 id. 470; *Acker* v. *Leland*, 96 N. Y. 383; *Veeder* v. *Baker*, 83 id. 156.)

The rule has not been changed under our new practice. The statute still provides that this action *must* be tried in the county where one of the parties resides. The power to change the place of trial to another county for the convenience of witnesses can only be exercised after the action is put in the situation in which the

defendant was entitled to have it placed when the action was commenced. (*Culver* v. *Union Nat. Bank*, 212 App. Div. 766.)

For the foregoing reasons, I think that this case must be sent to Bronx county for trial, without prejudice, however, to a renewal of plaintiff's motion to change the place of trial back to Onondaga county for the convenience of witnesses, after this order is entered. Ten dollars costs to defendant.