HELEN MARCUS, an Infant over the Age of Fourteen, by ANNA MARCUS, Guardian ad Litem, Plaintiff, *v.* NATHAN GREENBLAUM, Defendant.

Supreme Court, Sullivan County, July 11, 1928.

**Trial — change of place of trial — venue was not laid in proper county — no motion was made, under Rules of Civil Practice, rule 146, to change venue on that ground — present motion to change on ground of convenience of witnesses may be made.**

The venue of this action was laid in Sullivan county. That was not the proper county since all the parties are residents of Kings county and the cause of action arose therein. But the defendant did not make a motion, under rule 146 of the Rules of Civil Practice, to change the venue to the proper county, and the time within which such motion can be made has elapsed. The defendant is entitled to make the present motion to change the place of trial from Sullivan county to Kings county on the ground of convenience of witnesses and in the interests of justice.

This is an action for personal injuries which arose in the county of Kings, and since all the parties and the witnesses reside in that county, the place of trial is changed from Sullivan county to Kings county.

MOTION by defendant to change place of trial.

*Gross & Orseck* [*Emanuel Gross* of counsel], for the plaintiff.

*Harold M. Phillips* [*William G. Birmingham* of counsel], for the defendant.

GEORGE HOLMES SMITH, J. This is a motion to change the place of trial from Sullivan to Kings county on the ground of convenience of witnesses. The motion is opposed on the sole ground that the defendant, not having moved to change the place of trial to Kings county on the ground that that county was the proper county, is now precluded from making this motion.

It was conceded upon the argument that all the parties are residents of Kings county; that the cause of action arose in said county, and that the witnesses all reside there. Notwithstanding that Kings county was the proper county for the trial of the action, plaintiff was within her rights in designating Sullivan county as the place of trial, and the venue would remain in that county

unless changed by consent of parties, or order of the court. (Civ. Prac. Act, § 186.) No motion to change the venue to Kings county under rule 146 of the Rules of Civil Practice was made, and the time to make such motion has expired. The action must be tried in Sullivan county, where none of the parties and none of the witnesses reside, unless the court has power to grant this motion. There is no reason why the court should be deprived of such power. There is no answer to the application upon the merits. The theory of plaintiff seems to be that defendant should be punished for not availing himself of the relief provided under section 186 of the Civil Practice Act and rule 146 of the Rules of Civil Practice.

It has been held that on application to change to the proper county, convenience of witnesses will not be considered. (*Culver v. Union Nat. Bank*, 212 App. Div. 766.) None of the cases cited go further than that, as I read them. In *Mills & Gibb* v. *Starin* (119 App. Div. 336, 338) it was held, on defendants' motion to change the place of trial from New York to Montgomery county, on the ground that Montgomery was the proper county, that the court was without authority to consider the convenience of witnesses. In *Page Belting Co.* v. *Joseph* (131 Misc. 373) it was held that when a motion is made to change the place of trial to the proper county, a motion will not be heard to retain the venue in the county where the action was brought, on the ground of convenience of witnesses.

In no case cited by plaintiff was it decided that the defendant could not move to change the place of trial for convenience of witnesses, where no motion was made to change to the proper county. It may be that in this case defendant did not care to contest the question as to where plaintiff actually resided. There are many instances, of which this may be one, where defendant, being driven to his motion to change to the proper county, is met with affidavits on the part of plaintiff showing that he resides in the county where the venue is laid. Of course, in this case plaintiff relies upon the proposition that this motion cannot be granted because no motion was made by defendant to change to the proper county.

I am constrained to hold that where no motion to change the venue to the proper county has been made, and defendant's time to make such motion has expired, the county where the venue is laid then becomes the proper county under section 186 of the Civil Practice Act, and that a motion to change the place of trial on the ground of convenience of witnesses will be entertained. This being an action for personal injuries claimed to have been

sustained in Kings county, the parties both being concededly residents of that county, and all the witnesses admittedly residing in that county, the trial should be held in that county.

The rule that trials should not be changed from rural to urban counties can hardly be applied to Sullivan county under present conditions, where, in spite of the fact that four terms of the Supreme Court averaging a month each are held, the trial calendar runs to nearly four hundred cases at each term.

The motion should, therefore, be granted, with ten dollars costs.