UNITED PROJECTOR AND FILM CORPORATION, Plaintiff, *v.* WILLIAM BROWN and FRANK SARDINO, Formerly Partners Doing Business under the Assumed Name and Style of ROXIE THEATRE, and MARK GAIS, Defendants.

Supreme Court, Erie County, November 7, 1932.

*Levy, Shulman & Murray* [*Max Davidoff* of counsel], for the defendant Mark Gais, for the motion.

*Robert W. McNulty*, for the plaintiff, opposed.

HARRIS, J. The action herein is one by which the plaintiff, as a conditional seller, is endeavoring to replevin chattels sold under its contract of conditional sale to certain defendants, such chattels being located in the county of Onondaga. The action was instituted in Erie county, the residence of the plaintiff. This application is made by a defendant for a change of venue of the action to Onondaga county on the ground that Onondaga county and not Erie county is the proper county in which to bring and try such action. Such moving defendant relies upon the provisions of the Civil Practice Act, section 184, subdivision 3, as authority that Onondaga county is a proper county and on the theory that such subdivision is one providing for the trial of an action in replevin. The venue for the trial of actions in this State is regulated by statute. The particular provisions of subdivision 3 of section 184 of the Civil Practice Act are as follows: " An action in the supreme court for any of the following causes must be tried in the county where the cause of action or some part thereof arose:  *  *  *
" 3. To recover a chattel distrained, or damages for distraining a chattel."

The plaintiff contends that the action at bar does not come within the provisions of such subdivision 3 of section 184 or of any section other than the provisions of section 182 of the Civil Practice Act which provides as follows: " An action in the supreme court not specified in the two following sections must be tried in the county in which one of the parties resided at the commencement thereof."

The questions before the court on this motion are: *First*, is the present action one to recover a chattel distrained, and *second*, as to where the cause of action or some part thereof arose. In reference to the second question the plaintiff argues that the cause of action arose on the default in payment which it says occurred in Erie county, and the moving defendant herein argues that the cause of action arose in Onondaga county due to the fact that the chattels are located there, and failure to get such chattels

occurred in Onondaga county. The contract gave the right to the purchaser to hold such goods in Onondaga county and it is fair to assume that to take actual possession of such chattels it would be necessary for the plaintiff to attempt to do so in the county of its location and a failure to surrender such chattels in such county would give rise to the cause of action in replevin; so the moving defendant may be arguing with some appearance of right on his part if he is correct in his assumption that subdivision 3 of section 184 of the Civil Practice Act covers the venue of this type of action in replevin.

A careful search of the authorities leads to the conclusion that there is no case in this State directly in point in reference to the question whether subdivision 3 of section 184 of the Civil Practice Act includes the ordinary action in replevin. It is true that the question has been discussed at great length in *Adie* v. *Knabe & Co. Mfg. Co.* (124 Misc. 655, CROSBY, J., now of the Appellate Division, Fourth Department) and in *Page Belting Co.* v. *Joseph* (131 id. 373, EDGCOMB, J., now of the Appellate Division, Fourth Department). Mr. Justice CROSBY held in *Adie* v. *Knabe & Co. Mfg. Co.* (*supra*) that the word " distrain " as used in section 184 of the Civil Practice Act denotes any unlawful taking, keeping or withholding of a chattel, and in this he is favorably commented on by Mr. Justice EDGCOMB in *Page Belting Co.* v. *Joseph* (*supra*). It is true that in both of these cases (*Adie* v. *Knabe & Co. Mfg. Co., supra,* and *Page Belting Co.* v. *Joseph, supra*) the remarks of each of the learned justices on this topic are clearly *obiter dicta*, but their remarks are entitled to great weight in view of their position on the bench unless their conclusions, so far as this subject is concerned, are against more controlling authority. In order to determine this question, it has been necessary to make a study of the decisions and the statutes, both present and historical. There is again some *obiter dicta*, this time in *Scheidelman & Sons, Inc.,* v. *Webster Basket Co.* (143 Misc. 836, E. N. SMITH, J.), where we find a thorough discussion of the law concerning distress and the question whether it still exists. Mr. Justice SMITH points out that although distraint for debt and rent had been abolished in this State, there still exists distress of cattle damage feasant and distress for taxes. In this contention he is sustained by the present provisions of the Town Law (Section 323) and of the Tax Law (Section 71). (See, also, *Cook* v. *Gregg,* 46 N. Y. 439, and *Manhattan Railway Co.* v. *Merges,* 38 App. Div. 120; affd., without opinion, 167 N. Y. 539.) If we concede, as we now must, that there still remain in this State provisions for distress, then even the argument in the *obiter dicta* on this subject in the cases of

*Adie* v. *Knabe & Co. Mfg. Co. (supra)*, and *Page Belting Co.* v. *Joseph (supra)*, must fall to the ground. Certainly if distress existed at the time of the enactment of subdivision 3 of section 184 of the Civil Practice Act, then the Legislature could not have meant that that subdivision would apply to the ordinary action in replevin. Apparently, in discussing this question, too little attention has been paid to the fact that distress was not a legal remedy but that it was a means by which, without judicial interference, a creditor could obtain security for the debt. (See definition of " distrain " in Black Dict. [2d ed.]; Bouvier Law Dict. [3d ed.], and Stroud Judicial Dict., vol. 1, and also *Hard* v. *Nearing*, 44 Barb. 472, 488; *Boyd* v. *Howden*, 3 Daly, 457, and *Ackerman* v. *DeLude*, 29 Hun, 137.)

In further discussing this question as to whether replevin is a local action, it is interesting to note the development of legislation as to the designation of venue in replevin and distress actions. Briefly stated, the statutes and sections that are of value in this line of thought are as follows:

After considering subdivision 3 of section 184 of the Civil Practice Act, we may begin with the Revised Laws of 1813 (Vol. I), chap. 5, p. 91 *et seq.*, " An Act to prevent abuses and delays in actions of replevin." The act was passed February 6, 1788, and regulates replevin by writ and plaint.

The Revised Statutes enacted in 1828, published 1829 (Vol. II).

The heading of part III, chap. VIII, tit. XI at page 425, reads: " Of distraining cattle and other chattels doing damage, and of distraining in other cases."

Part III, chap. VIII, tit. XII, following the caption, " Of the action of replevin," reads on page 429:

" § 1. Whenever any goods or chattels shall have been wrongfully distrained, or otherwise wrongfully taken, or shall be wrongfully detained, an action of replevin may be brought for the recovery thereof, for the recovery of the damages sustained by reason of such unjust caption or detention, except in the cases hereinafter specified."

" § 3. Whenever an action of replevin shall be brought for the recovery of goods or chattels, distrained for any cause, it shall be laid in the county in which the distress was made, and not elsewhere; in other cases the action shall be laid and tried in like manner as actions of trespass for injuries to personal property."

Section 6 provides for the contents of the writ.

Section 36 relates to the form of declaration where the action is founded on wrongful detention only, and section 37 recites:

" It shall not be necessary for the plaintiff to state in his declaration, a place certain within the town or village as that where the property was taken, except where the action shall be brought for the recovery of goods or chattels distrained."

Section 41 relates to property distrained for rent.

Section 42 relates to property distrained for doing damage.

Coming to the Laws of 1846, chap. 274, § 1, one finds " Distress for rent is hereby abolished."

The Code of Procedure, tit. IV, § 103 (Laws of 1848, chap. 379) reads: "Actions for the following causes, must be tried in the county where the cause or some part thereof arose, or in which the subject of the action or some part thereof is situated, * * *.

4. " For the recovery of personal property, distrained for any cause: "

5. " For injuries to the person or personal property: * * *."

§ 104. " In all other cases, the action shall be tried in the county in which the parties or any of them shall reside at the commencement of the action, * * *."

Chapter II of title VII of the same statute reads: " Claim and delivery of personal property."

§ 181. " The plaintiff, in an action to recover possession of personal property, may, at the time of commencing the action, claim the immediate delivery of such property, as provided in this chapter."

(This was our present ancillary replevin.)

Title IV, section 123 of chapter 438 of the Laws of 1849 (amending the Code of Procedure) recites: "Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, * * *."

4. " For the recovery of personal property, distrained for any cause."

Laws of 1876, chaps. 448 and 449. " The new revision of the Statutes of the State of New York." " The Code of Remedial Justice."

By Laws of 1876 (Chap. 448) the old code was amended and section 983, subdivision 3, was adopted and is the same as present Civil Practice Act, section 184, subdivision 3.

Chapter 449 is entitled: " An act explaining, defining and regulating the effects and application of, and otherwise relating to, the act passed at this session of the Legislature, entitled ' An Act relating to courts, officers of justice, and civil proceedings.' "

§ 1. " The act * * * may be styled * * * ' The Code of Remedial Justice.' "

§ 2, subd. 10. " Personal property taken by a sheriff, in an action to recover the possession thereof, pursuant to the plain-

tiff's claim of the immediate delivery thereof, is said to be 'replevied'; and the indorsement in writing, upon the affidavit, in behalf of the plaintiff, requiring the sheriff to take the property from the defendant, and deliver it to the plaintiff, is styled 'a requisition to replevy.' Such a requisition is deemed to be the mandate of the court, in which the action is brought."

Section 6, subdivision 2, provides that the act operates as an act amending the Code of Procedure.

Following chapter 449, in the published volume of Laws of 1876, is an appendix. The opening sentence reads: " This table contains a summary of the material changes in the existing laws, proposed to be made by this bill; with a brief statement of the reason for each change, where such an explanation appeared to be necessary. * * *." On page 313 may be found:

" Sec. 983 (I) Co. Proc. Sec. 123, subd. 4, amended by making an action for a chattel distrained, or to recover damages for distraining it, triable in the county where the cause of action arose, instead of where the chattel is situated; because the title to real property is generally involved in the trial."

From the foregoing discussion and from the foregoing history of subdivision 3 of section 184 of the Civil Practice Act, and of the action of the Legislature in reference to the remedy of replevin, it must be concluded that the present action to recover personal property, and known as an action in replevin, is not an action to recover a chattel distrained and damages for the distress of the same and, therefore, that the Legislature has not named the ordinary type of replevin as one to be tried locally. This being so, it must be held that the ordinary action in replevin is not a local action and the case at bar is one that should be tried in the county which was the residence of one of the parties at the time of the commencement of the action and that, therefore, the venue of this action is properly placed in Erie county, and the motion to change the same to Onondaga county is denied.