UNIVERSAL C.I.T. CREDIT CORPORATION, Plaintiff, *v.* RAY HORTON, Defendant.

Supreme Court, Trial and Special Term, Schuyler County, December 16, 1942.

*Ellison & Ellison* for defendant.

*Joseph G. Myerson* for plaintiff.

Deyo, J. This is an action brought to replevy a certain heating system and for damages for the wrongful detention thereof. The venue is laid in the county of New York, which is the residence of the plaintiff corporation. The principal question raised on this motion is whether or not an action of replevin constitutes an action " to recover a chattel distrained, or damages for distraining a chattel " and, hence, pursuant to section 184, subdivision 3, of the Civil Practice Act, is maintainable only in the county where the cause of action or some part thereof arose.

Originally, at common law, all actions of replevin were local rather than transitory. (*Atkinson* v. *Holcomb*, 4 Cowen, 46.) With the adoption of the Revised Statutes, however, a substantial change was made in this respect and, thereafter, actions for the wrongful detention of chattels were permitted to be brought in like manner as actions for injuries to personal property, with the exception that actions brought for property " distrained " still retained their local character. (*Boyd* v. *Howden*, 3 Daly, 455.) " Distraint " and " distress " are terms which refer to a definite common-law procedure whereby under certain circumstances a creditor might obtain security for his debt without resort to legal process. (27 Corpus Juris Secundum 361.) In cases arising under the Revised Statutes, it was held that replevin was not an action for " property distrained." (*Boyd* v. *Howden, supra.*) The same decision was reached under the Code of Civil Procedure, where the provision applicable was identical with that now embodied in subdivision 3 of section 184 of the Civil Practice Act. (*Ackerman* v. *DeLude*, 29 Hun, 137; appeal dismissed 101 N. Y. 641.) In the last-mentioned case the court pointed out at page 138: " It will be observed that this section does not provide that an action *to recover a chattel* must be tried in the county where the action arose, but it is an action to recover a chattel *distrained.*" (Italics supplied.)

Although considerably restricted in scope, the old common-law procedure known as "distraint" is still a part of our practice. (*Scheidelman & Sons, Inc.,* v. *Webster Basket Co.,* 143 Misc. Rep. 836; affd., 236 App. Div. 774; Town Law, § 323; Cons. Laws, ch. 62; Tax Law, § 71; Cons. Laws, ch. 60.) The courts have thus far denied every attempt which has been made to enlarge the scope of section 184, subdivision 3, of the Civil Practice Act to include actions brought other than to recover chattels actually "distrained" within the meaning accorded the term at common law. In *Adie* v. *Knabe & Co. Manufacturing Co.* (124 Misc. Rep. 655) it was held that the section had no applica-

tion to seizures by an unpaid vendor under the provisions of the Personal Property Law (Cons. Laws, ch. 41) applicable to conditional sales, although the court did say *obiter dictum* that if the word "distrained" as used in the section meant anything at all, "it must be taken in its everyday common sense meaning and denotes most any unlawful taking, keeping or withholding of a chattel." Likewise, in *Page Belting Co.* v. *Joseph* (131 Misc. Rep. 373), an action to enjoin the defendant from interfering with certain chattels which the plaintiff claimed to own, and for damages, was held to be without the scope of the section, although the court commented favorably upon the language employed in the *Adie* case quoted above. This holding was subsequently reversed, but whether on this point or some other is not indicated. (*Page Belting Co.* v. *Joseph*, 224 App. Div. 720.) In *Scheidelman & Sons, Inc.*, v. *Webster Basket Co.* (*supra*) it was held that a wrongful attachment of property did not constitute a distraint, the court saying at page 839: "There is no statutory definition of 'distress' or to 'distrain.' Without such definition, these words must be given their meaning at common law."

Finally, in *United Projector & Film Corp.* v. *Brown* (145 Misc. Rep. 412), the specific question raised in the instant case was determined and it was held that an action to replevy chattels sold under a conditional sales contract was not an action "to recover a chattel distrained," and that a motion similar to the one in the case at bar would not be granted.

I am in accord with this decision. It is apparent to me that the framers of section 184, subdivision 3, of the Civil Practice Act, when they used the word "distrained," had reference to the well-recognized common-law procedure. In fact, the Court of Appeals has so held. (*Ackerman* v. *DeLude, supra*.) Had they meant to include other types of withholding, they would have said so rather than use this "word of art." The fact that this ancient procedure, known as "distraint," has been restricted and is less available today offers no excuse to a court to attempt to write into the statute law something which is not there, and which was never intended to be there. If change is to be made, if replevin actions are to be localized, it is a task for the Legislature and not for the courts.

The defendant's motion is denied, without prejudice, however, to a renewal thereof on other grounds, if such exist. Ten dollars costs to the plaintiff.

Submit order in accordance with the foregoing.